LINDSEY K. WYRICK
Texas Bar. No. 24063957
PAIGE E. HEITKAMP
Texas Bar No. 24137317
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Phone: 214.220.5221
Facsimile: 214.220.5299
**ATTORNEYS FOR DEFENDANT**
**ELIZABETH NICOLLE BOYDSTON**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 (Subchapter V) |
| | § | |
| PM Management-Killeen I NC LLC, et al., | § | Case No. 24-30240 (sgi) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |
| Abri Care Group LLC; Sheryl Frankl, | § | |
| Individually and Derivatively on Behalf of | § | |
| Affinity Care Group LLC; Abraham | § | |
| Frankl; MR Acquisition, LLC; and Abri | § | |
| Health Services, LLC; | § | |
| | § | |
| Plaintiffs, | § | Adversary No. 26-03007-SGJ |
| v. | § | |
| | § | |
| Gutnicki LLP; Aharon S. Kaye; and | § | |
| Elizabeth Nicolle ("Liz") Boydston, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ELIZABETH NICOLLE BOYDSTON'S BRIEF IN SUPPORT OF HER
RULE 12(b)(6) AND 12(b)(1) MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS................................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................................... iii

I.      SUMMARY OF ARGUMENTS.......................................................................................2

II.     MOTION TO DISMISS UNDER RULE 12(b)(6)............................................................3

        A.      Standard of Review Under Rule 12(b)(6)...............................................................3

        B.      The Non-Client Plaintiffs' Claims for Legal Malpractice, Negligence
                and Gross Negligence, and Breach of Fiduciary Duty against Boydston
                Should be Dismissed Based on Attorney Immunity and Because
                Boydston Did Not Owe Any Duties to the Non-Client Plaintiffs...........................4

                1.      Plaintiffs' Claims Should be Dismissed Based on Attorney
                        Immunity.....................................................................................................4

                2.      Plaintiffs Fail to Allege the Requisite Duty or Breach of Duty ..................6

        C.      Abri Health's Legal Malpractice Claim Fails Because Abri Health Fails
                to State a Claim Upon Which Relief May Be Granted............................................8

        D.      Plaintiffs' Extraneous Causes of Action are Barred by the Anti-
                Fracturing Rule ......................................................................................................8

        E.      Plaintiffs' Negligent Misrepresentation Claim Should Be Dismissed
                Because Plaintiffs Failed to State a Claim Against Boydston Upon
                Which Relief May Be Granted ...............................................................................10

        F.      Plaintiffs' Tortious Interference with a Contract Claim Should Be
                Dismissed Because Plaintiffs Failed to State a Claim Against Boydston
                Upon Which Relief May Be Granted......................................................................12

III.    MOTION TO DISMISS UNDER RULE 12(b)(1)...........................................................13

IV.     STATEMENT PURSUANT TO BANKRUPTCY RULE 7012......................................15

V.      PRAYER...........................................................................................................................16

CERTIFICATE OF SERVICE ......................................................................................................16

## TABLE OF AUTHORITIES

**CASES**                                                                                   **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................3, 4, 7

*Aubrey v. Estate of Tobolowsky*,
    No. 3:19-CV-2792-N-BK, 2021 WL 784141 (N.D. Tex. Feb. 11, 2021) ................................4

*Barcelo v. Elliot*,
    923 S.W.2d 575 (Tex. 1996)......................................................................7

*Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*,
    284 S.W.3d 416 (Tex. App.—Austin 2009, no pet.) ................................................9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2006)..............................................................................3

*Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*,
    595 S.W.3d 651 (Tex. 2020)......................................................................4

*Burke v. Ocwen Loan Servicing, LLC*,
    855 Fed. App'x 180 (5th Cir. 2021) ..............................................................5

*Cantey Hanger, LLP v. Byrd*,
    467 S.W.3d 477 (Tex. 2015)......................................................................5

*Chiras v. Miller*,
    432 F.3d 606 (5th Cir. 2005) ....................................................................4

*Conley v. Gibson*,
    355 U.S. 41 (1957)..............................................................................3

*Cuvillier v. Sullivan*,
    503 F.3d 397 (5th Cir. 2007) ....................................................................3

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) ....................................................................4

*Fin. Acquisition Part. LP v. Blackwell*,
    440 F.3d 278 (5th Cir. 2006) ....................................................................4

*Goeth v. Craig, Terrill & Hale, L.L.P.*,
    No. 03-03-00125-CV, 2005 WL 850349 (Tex. App.—Austin Apr. 14, 2005,
    no pet.) ........................................................................................7

*Haynes and Boone, LLP v. NFTD, LLC*,
  631 S.W.3d 65 (Tex. 2021)...........................................................................................4

*Kruegel v. Murphy*,
  126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd)............................................4

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*,
  991 S.W.2d 787 (Tex. 1999)....................................................................................11, 12

*Murphy v. Gruber*,
  241 S.W.3d 689 (Tex. App.—Dallas 2007, pet. denied) ............................................9

*Pitts v. Rivas*,
  709 S.W.3d 517 (Tex. 2025).....................................................................................8, 9

*Prudential Ins. Co. of Am. v. Fin. Review Services, Inc.*,
  29 S.W.3d 74 (Tex. 2000)..........................................................................................12

*Riverwalk CY Hotel Partners, Ltd. v. Akin Gump Strauss Hauer & Feld, LLP*,
  391 S.W.3d 229 (Tex. App.—San Antonio 2012, no pet.)..........................................9

*Rogers v. Zanetti*,
  518 S.W.3d 394 (Tex. 2017).....................................................................................6, 8

*In re TOCFHBI, Inc.*,
  413 B.R. 523 (Bankr. N.D. Tex. 2009).........................................................................8

*Troice v. Proskauer Rose, LLP*,
  816 F.3d 341 (5th Cir. 2016) .......................................................................................4

*Matter of Walker*,
  51 F.3d 562 (5th Cir. 1995) .......................................................................................14

*In re With Purpose, Inc.*,
  654 B.R. 715 (Bankr. N.D. Tex. 2023).......................................................................14

*Won Pak v. Harris*,
  313 S.W.3d 454 (Tex. App.—Dallas 2010, pet. denied) ............................................8

*Zaan, LLC v. Sangani*,
  No. 05–12–00423–CV, 2015 WL 2398652 (Tex. App.—Dallas May 20, 2015,
  pet. denied).................................................................................................................11

*Matter of Zale Corp.*,
  62 F.3d 746 (5th Cir. 1995) .......................................................................................14

**STATUTES**

11 U.S.C. § 1134(b) ..............................................................................................................13

**RULES**

Fed. R. Bankr. P. 7012 ..........................................................................................................15

Fed. R. Bankr. P. 7012(b) ..................................................................................................3, 13

Fed. R. Civ. P. 12(b)(1) .........................................................................................................13

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................3

LINDSEY K. WYRICK
Texas Bar. No. 24063957
PAIGE E. HEITKAMP
Texas Bar No. 24137317
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Phone: 214.220.5221
Facsimile: 214.220.5299
**ATTORNEYS FOR DEFENDANT
ELIZABETH NICOLLE BOYDSTON**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 (Subchapter V) |
| | § | |
| PM Management-Killeen I NC LLC, et al., | § | Case No. 24-30240 (sgi) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| _____ | § | _____ |
| | § | |
| Abri Care Group LLC; Sheryl Frankl, | § | |
| Individually and Derivatively on Behalf of | § | |
| Affinity Care Group LLC; Abraham | § | |
| Frankl; MR Acquisition, LLC; and Abri | § | |
| Health Services, LLC; | § | |
| | § | |
| Plaintiffs, | § | Adversary No. 26-03007-SGJ |
| v. | § | |
| | § | |
| Gutnicki LLP; Aharon S. Kaye; and | § | |
| Elizabeth Nicolle ("Liz") Boydston, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ELIZABETH NICOLLE BOYDSTON'S BRIEF IN SUPPORT OF HER
RULE 12(b)(6) AND 12(b)(1) MOTION TO DISMISS**

Pursuant to Local Bankruptcy Rule 7007-1(f), Defendant Elizabeth Nicolle Boydston

("Boydston") files this Brief in Support of her Rule 12(b)(6) and 12(b)(1) Motion to Dismiss

Plaintiffs' Original Complaint [Doc. 1] (the "Complaint"), and respectfully shows the Court as follows:

## I.    SUMMARY OF ARGUMENTS

1.    This lawsuit, based on alleged claims of professional negligence, arises out of the alleged legal representation provided by the attorney Defendants to Plaintiffs. In short, Plaintiffs allege that Defendants were negligent and committed other tortious acts in connection with their alleged legal representation of Plaintiffs in connection with various matters, including the underlying bankruptcy proceeding and matters relating to the "Finch Facilities." Interestingly, neither the Debtors in the underlying bankruptcy nor the individuals who authorized the filing of that bankruptcy are parties to this suit. Plaintiffs, most of whom were never clients of Boydston and do not claim otherwise, now assert claims against Defendants for legal malpractice, breach of fiduciary duty, negligence and gross negligence, negligent misrepresentation, and tortious interference with contract.

2.    While Plaintiffs spend much of their Complaint attempting to create an alternative narrative to the facts based on the underlying matters, at its core, Plaintiffs' Complaint fails to state a proper claim against Boydston. Plaintiffs Abri Care Group LLC, Sheryl Frankl, individually and derivatively on behalf of Affinity Care Group LLC, Abraham Frankl, and MR Acquisition, LLC's (collectively, the "Non-Client Plaintiffs") claims for legal malpractice, breach of fiduciary duty, and negligence and gross negligence should be dismissed for failure to state a claim based on the attorney immunity doctrine and due to lack of any duties owed to them by Boydston. Similarly, their claims for negligent misrepresentation and tortious interference with a contract should be dismissed because they fail to assert a claim upon which relief can be granted. Plaintiff Abri Health Services, LLC's ("Abri Health") claim against Boydston for legal malpractice should be dismissed because it fails to assert a claim upon which relief can be granted, in that Abri Health does not

2

allege a breach of duty based on the legal services provided by Boydston to Abri Health. Additionally, Plaintiffs' extraneous causes of action are barred by the anti-fracturing rule. Accordingly, the Court should dismiss Plaintiffs' claims against Boydston under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, under Rule 12(b)(1), the Court should dismiss this adversary proceeding because the Court does not have subject matter jurisdiction over the claims asserted herein.

## II.      **MOTION TO DISMISS UNDER RULE 12(b)(6)**

**A.      *Standard of Review Under Rule 12(b)(6).***

3.      Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b)(6) in adversary proceedings. Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a pleading for failure to state a claim upon which relief can be granted. A court should grant a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the pleading that a plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

4.      To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matters . . . to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2006)). "'[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558). Although the court should accept a plaintiff's factual allegations as true, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

The party seeking to avoid dismissal is required to plead specific facts, not mere conclusory

allegations. *See Fin. Acquisition Part. LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Chiras*

*v. Miller*, 432 F.3d 606, 611 (5th Cir. 2005). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

**B.     *The Non-Client Plaintiffs' Claims for Legal Malpractice, Negligence and Gross Negligence, and Breach of Fiduciary Duty against Boydston Should be Dismissed Based on Attorney Immunity and Because Boydston Did Not Owe Any Duties to the Non-Client Plaintiffs.***

**1)     Plaintiffs' Claims Should be Dismissed Based on Attorney Immunity.**

5.     "[T]he attorney immunity doctrine … 'is properly characterized as a true immunity

from suit,' not merely as a defense against liability." *Aubrey v. Estate of Tobolowsky*, No. 3:19-

CV-2792-N-BK, 2021 WL 784141, at *2 (N.D. Tex. Feb. 11, 2021) (quoting *Troice v. Proskauer*

*Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016)). Under Texas law, attorneys are provided with

immunity from any suit by a third party who claims to have been injured by the attorney's conduct

in representing a client. *Troice,* 816 F.3d at 346; *see Bethel v. Quilling, Selander, Lownds, Winslett*

*& Moser, P.C.,* 595 S.W.3d 651, 658 (Tex. 2020). The Non-Client Plaintiffs cannot set forth a

claim against Boydston upon which relief can be granted because all of Boydston's alleged

conduct, as described in the Complaint, falls squarely within the scope of her representation of her

clients, the Debtors in the underlying bankruptcy proceeding.

6.     For over one hundred years, Texas law has recognized that attorneys have an

absolute right to "practice their profession, to advise their clients and interpose any defense or

supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W.

343, 345 (Tex. Civ. App.—Dallas 1910, writ ref'd); *see Haynes and Boone, LLP v. NFTD, LLC*,

631 S.W.3d 65, 79 (Tex. 2021). As a general rule, an attorney does not owe a professional duty of

4

care to third parties who may be damaged by the attorney's negligent representation of a client. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

7.     In determining whether attorney immunity applies, the threshold issue is whether the attorney's conduct, wrongful or not, was "foreign to the duties of any attorney." *Cantey Hanger*, 467 S.W.3d at 482. Consequently, courts look to the "kind of conduct" underlying the allegations to determine if attorney immunity is appropriate. *Id.* The Fifth Circuit has held that dismissal based on the attorney immunity defense is proper when "the scope of the attorney's representation—and thus entitlement to the immunity—[i]s apparent on the face of the complaint." *Burke v. Ocwen Loan Servicing, LLC*, 855 Fed. App'x 180, 186 (5th Cir. 2021).

8.     The Non-Client Plaintiffs do not allege that Boydston was their counsel in their Complaint. *See generally* [Doc. 1]. While the Non-Client Plaintiffs do allege that Defendant Gutnicki LLP ("Gutnicki") represented them at various points in time (without supporting facts or details as to certain Plaintiffs), the Non-Client Plaintiffs do not allege that Boydston individually represented them. *Id.* In fact, as to Plaintiff Abraham Frankl ("Mr. Frankl"), the Complaint recites an alleged conversation between Mr. Frankl and Boydston wherein Boydston told Mr. Frankl: "you are not my client." *Id.* at ¶ 113.

9.     The Complaint frequently fails to distinguish between the representative capacity of Gutnicki, the law firm, and Boydston, an individual attorney. Furthermore, while the Complaint does discuss Boydston's representation of Abri Health while she was with a different firm and related to a prior bankruptcy proceeding, the Complaint does not allege that Boydston continued this representation after moving to Gutnicki. Even so, the Complaint's allegations focus on Boydston's representation of the Debtors in the underlying bankruptcy proceeding. *See generally* [Doc. 1].

10.     Because the Non-Client Plaintiffs were not clients of Boydston, and because the Complaint does not allege otherwise, Boydston is protected by the attorney immunity doctrine as to the Non-Client Plaintiffs' claims for legal malpractice, negligence and gross negligence, and breach of fiduciary duty. The Non-Client Plaintiffs do not allege that Boydston's conduct involved any actions taken outside the provision of legal services, nor do they allege that Boydston was engaged in acts that were "entirely foreign" to her duties as counsel for the Debtors. Rather, the Non-Client Plaintiffs complain of alleged actions that fall squarely within the scope of the attorney-client relationship as counsel for the Debtors, including (a) allegedly depriving Plaintiffs of their ability to recover millions from the Killeen Entities through alleged claims to be asserted in the underlying bankruptcy; (b) allegedly depriving Plaintiffs of their ability to acquire the real estate of the Finch Facilities from the landlord in connection with legal action related to same; (c) allegedly causing Plaintiffs to incur unreasonable and unnecessary attorneys' fees; and (d) allegedly filing and pursuing a bankruptcy proceeding without proper authority. [Doc. 1] at ¶¶ 142, 148, 153. Thus, this Court should dismiss the Non-Client Plaintiffs' claims for legal malpractice, negligence and gross negligence, and breach of fiduciary duty against Boydston under the attorney immunity doctrine.

**2)      Plaintiffs Fail to Allege the Requisite Duty or Breach of Duty.**

11.     Furthermore, the Non-Client Plaintiffs do not set forth a claim against Boydston for legal malpractice, negligence and gross negligence, and breach of fiduciary duty upon which relief can be granted because the Non-Client Plaintiffs do not allege the requisite attorney-client relationship required to establish these claims, nor do they allege any specific breach of duty by Boydston. To prove a claim for legal malpractice, a plaintiff must establish that (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client. *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017). At

common law, an attorney owes a duty of care *only to his client*, not to third parties who may have been damaged by the attorney's negligent representation of the client. *Barcelo v. Elliot*, 923 S.W.2d 575, 577 (Tex. 1996). Without this "privity barrier," the rationale goes, clients would lose control over the attorney-client relationship, and attorneys would be subject to almost unlimited liability. *Id*.

12.    The Non-Client Plaintiffs do not allege that Boydston represented them as legal counsel. Rather, the Non-Client Plaintiffs admit that Boydston represented the Debtors in the underlying bankruptcy. [Doc. 1] at ¶ 94. The Non-Client Plaintiffs have no privity with Boydston's and the Debtors' attorney-client relationship and, accordingly, they lack standing to bring these claims against Boydston. *See Goeth v. Craig, Terrill & Hale, L.L.P.*, No. 03-03-00125-CV, 2005 WL 850349, at *5 (Tex. App.—Austin Apr. 14, 2005, no pet.) ("Privity, which refers to the contractual connection or relationship existing between attorney and client, is directly related to the existence of duty and is therefore necessary for a plaintiff to have standing to bring a legal malpractice claim.").

13.    Further, the Non-Client Plaintiffs do not allege any breach of any duty allegedly owed by Boydston to them. Rather, in support of their claims, the Non-Client Plaintiffs complain about Boydston's actions taken while representing her clients, the Debtors. The Non-Client Plaintiffs fail to allege how Boydston's actions while representing her clients constitute a breach of any duty Boydston owed to the Non-Client Plaintiffs—non-clients of Boydston. Accordingly, because the Non-Client Plaintiffs do not allege facts to state a claim for relief against Boydston for legal malpractice, negligence and gross negligence, and breach of fiduciary duty that is plausible on its face, this Court should dismiss Non-Client Plaintiffs' claims asserted against Boydston. *See Ashcroft*, 556 U.S. at 678.

**C.**     ***Abri Health's Legal Malpractice Claim Fails Because Abri Health Fails to State a Claim Upon Which Relief May Be Granted.***

14.     Under Texas law, to prove a legal malpractice claim, the client must establish that: (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client. *Rogers*, 518 S.W.3d at 400. While the Complaint does discuss Boydston's representation of Abri Health while she was with a different firm and related to a prior bankruptcy proceeding, the Complaint's allegations focus on Boydston's representation of the Debtors in the underlying bankruptcy proceeding. *See generally* [Doc. 1]. In fact, the Complaint recites an alleged conversation between Boydston and Mr. Frankl, wherein Boydston confirms that her client is "the debtor entities" and that she only "answers" to the Debtors, not to Abri's board. *Id.* at ¶¶ 113-14.

15.     Here, Abri Health fails to allege what legal duty Boydston owed to Abri Health in the context of her representation of the Debtors in the underlying bankruptcy proceeding and how Boydston allegedly breached that duty and thereby caused harm to Abri Health. In short, Abri Health fails to allege how Boydston individually committed legal malpractice against it specifically. Accordingly, because Abri Health failed to state a claim against Boydston under which relief could be granted for legal malpractice, the same should be dismissed.

**D.**     ***Plaintiffs' Extraneous Causes of Action are Barred by the Anti-Fracturing Rule.***

16.     "Texas law does not permit a plaintiff to fracture a claim that sounds only in negligence into other claims." *In re TOCFHBI, Inc.*, 413 B.R. 523, 533 (Bankr. N.D. Tex. 2009). Texas' anti-fracturing rule, recently affirmed by the Texas Supreme Court in *Pitts v. Rivas*, "prevents plaintiffs from converting what are actually professional negligence claims against an attorney into other claims such as fraud, breach of contract, breach of fiduciary duty, or violations of the DTPA." 709 S.W.3d 517, 524 (Tex. 2025) (quoting *Won Pak v. Harris*, 313 S.W.3d 454,

457 (Tex. App.—Dallas 2010, pet. denied)). "Under the anti-fracturing rule, if the crux or gravamen of the plaintiff's claim is a complaint about the quality of professional services provided by the defendant, then the claim will be treated as one for professional negligence even if the petition also attempts to repackage the allegations under the banner of additional claims." *Id.* "In other words, if the 'gist of a client's complaint' or 'the real issue' is that the professional failed to exercise the degree of care, skill, or diligence that professionals of ordinary skill and knowledge would exercise, the anti-fracturing rule requires the claim to be litigated as one for professional negligence, and the plaintiff may not re-label the allegations under a different claim to obtain a litigation advantage." *Id.* (quoting *Riverwalk CY Hotel Partners, Ltd. v. Akin Gump Strauss Hauer & Feld, LLP*, 391 S.W.3d 229, 236 (Tex. App.—San Antonio 2012, no pet.)). Merely labeling the professional's conduct as a misrepresentation or a conflict of interest does not automatically convert what is really a professional negligence claim into a cause of action for breach of fiduciary duty or breach of contract—the court is not bound by the plaintiff's labels in its analysis. *Murphy v. Gruber*, 241 S.W.3d 689, 697 (Tex. App.—Dallas 2007, pet. denied). In order to support additional causes of action, the court must find that the underlying facts implicate "independently actionable fiduciary, statutory, contractual, or other tort duties." *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 428 (Tex. App.—Austin 2009, no pet.).

17.      In support of its breach of fiduciary duty claim, Abri Health alleges that Boydston's "breaches proximately caused injuries to Plaintiffs. Those injuries include but are not limited to: (a) depriving Plaintiffs of their ability to recover millions from the Killeen Entities; (b) depriving Plaintiffs of their ability to acquire the real estate of the Finch Facilities from the landlord; and (c) causing Plaintiffs to incur unreasonable and unnecessary attorneys' fees to mitigate or remedy to Defendants' malpractice." [Doc. 1] at ¶ 148. Ironically, the "breaches" alleged by Abri Health as

breaches of fiduciary duty are identical to Abri Health's "breaches" alleged under its legal malpractice claim. *See id.* at ¶ 142. Thus, Abri Health's alleged breaches of fiduciary duty are simply a rehashing of its negligence claim. Each of Abri Health's alleged breaches of fiduciary duty are simply allegations that the professional, Boydston, failed to exercise the degree of care, skill, or diligence that professionals of ordinary skill and knowledge would exercise.

18.     In bringing a claim of breach of fiduciary duty, Abri Health attempts to improperly fracture what is in essence a professional negligence claim into two causes of action. Accordingly, because Abri Health's claim for breach of fiduciary duty is improperly fractured, the Court should dismiss Abri Health's breach of fiduciary duty claim against Boydston.

19.     Additionally, and for similar reasons, in the alternative to the Non-Client Plaintiffs' claims being dismissed for the reasons stated herein, their additional causes of action for (i) breach of fiduciary duty; (ii) negligence and gross negligence; (iii) negligent misrepresentation; and (iv) tortious interference should also be dismissed under the Texas anti-fracturing rule. As set forth above, the allegations set forth in these claims are similar to those alleged for legal malpractice, and those claims sound only in professional negligence.[1] Accordingly, all of these claims are barred by the anti-fracturing doctrine and should be dismissed.

**E.**     ***Plaintiffs' Negligent Misrepresentation Claim Should Be Dismissed Because Plaintiffs Failed to State a Claim Against Boydston Upon Which Relief May Be Granted.***

20.     The elements of negligent misrepresentation are: (1) a representation is made by a defendant in the course of her business, or in a transaction in which she has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the

---

[1] *See* [Doc. 1] at ¶ 148 (alleging claim for breach of fiduciary duty based on the same allegations as the malpractice claim, as described above); ¶ 153 (alleging negligence by filing and continuing to pursue the bankruptcy proceeding— just another restatement of Plaintiffs' alleged malpractice claim); ¶ 159 (claiming alleged misrepresentation in the course of Gutnicki's representation of the Debtors in the bankruptcy case); ¶ 168 (claiming interference with contracts based on putting the Debtors into bankruptcy and continuing the bankruptcy proceedings without authority).

defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Zaan, LLC v. Sangani*, No. 05–12–00423–CV, 2015 WL 2398652, at \*6 (Tex. App.—Dallas May 20, 2015, pet. denied). Plaintiffs Sheryl Frankl, Abri Care Group, and Affinity Care Group assert a claim for negligent misrepresentation against "all Defendants," generally alleging that "Defendants made a representation to the Plaintiffs in the course of Gutnicki's business or in a transaction in which Gutnicki had a pecuniary interest—*i.e.,* the bankruptcy case in which Gutnicki was seeking payment of legal fees. Defendants also supplied false information for the guidance of others including, without limitation, their statements to Abri's board and Mr. Frankl." [Doc. 1] at ¶¶ 159-60. The Complaint states that "the board members of Abri" are a "Mr. Dershowitz" and a "Mr. Diamond." *Id.* at ¶ 70.

21.     Plaintiffs Sherly Frankl, Abri Care Group, and Affinity Care Group fail to allege that Boydston, individually, made any negligent misrepresentations to them specifically, or that they relied on any such representation. In fact, the Complaint does not even allege that Boydston had any communications with these Plaintiffs, or that Boydston was even aware of these Plaintiffs or their involvement with Abri Health and/or the Debtors. To the extent these Plaintiffs plead that Boydston's alleged representations (which are not identifiable) were false, such claims are conclusory as they offer no facts of any misrepresentations by Boydston.

22.     Furthermore, Plaintiffs Sherly Frankl, Abri Care Group, and Affinity Care Group fail to allege that they justifiably relied on any alleged misrepresentation by Boydston. A claim for negligent misrepresentation by a non-client against an attorney is "available only when information is transferred by an attorney to a known party for a known purpose." *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 794 (Tex. 1999).

Specifically, the liability of an attorney is limited "to situations in which the attorney who provides the information is aware of the nonclient and intends that the nonclient rely on the information." *Id.* As to justifiable reliance, "a nonclient cannot rely on an attorney's statement … unless the attorney invites that reliance." *Id.* at 795.

23.     As discussed above, the Non-Client Plaintiffs did not allege in the Complaint that Boydston intentionally transferred information to them for a known purpose. In fact, the Non-Client Plaintiffs fail to even allege that Boydston was aware of who the Non-Client Plaintiffs were and their relationship with the Debtors, or that Boydston intended to have these unknown entities rely on her alleged misrepresentations, much less that Boydston invited such reliance. Accordingly, because these Plaintiffs failed to state a claim against Boydston under which relief could be granted for negligent misrepresentation, the same should be dismissed.

**F.      *Plaintiffs' Tortious Interference with a Contract Claim Should Be Dismissed Because Plaintiffs Failed to State a Claim Against Boydston Upon Which Relief May Be Granted.***

24.     The elements of a claim for tortious interference with a contract are: (1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Fin. Review Services, Inc.*, 29 S.W.3d 74, 75 (Tex. 2000). Plaintiffs Sheryl Frankl, Abri Care Group, and Affinity Care Group assert a claim for tortious interference with a contract against "all Defendants," generally alleging that "Defendants willfully and intentionally interfered with these contracts by exercising unauthorized control over the Killeen Facilities, including putting them into bankruptcy and continuing with bankruptcy proceedings even after learning their alleged authorization for filing was invalid." [Doc. 1] at ¶ 168.

25.     These Plaintiffs allege that all of the Defendants "willfully and intentionally interfered" with the contracts, but Plaintiffs fail to plead any intentional interference with these

contracts by Boydston. Furthermore, Plaintiffs fail to plead that Boydston, or any of the Defendants, were aware of Sheryl Frankl, Abri Care Group, and Affinity Care Group's alleged involvement in these contracts at the time of the alleged interference. Accordingly, because Plaintiffs failed to state a claim against Boydston under which relief could be granted for tortious interference with a contract, the same should be dismissed.

### III.        MOTION TO DISMISS UNDER RULE 12(b)(1)

26.     Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b)(1) in adversary proceedings, which authorizes the dismissal of a case for lack of jurisdiction over the subject matter. As an initial matter, the only basis for jurisdiction claimed by Plaintiffs is based on Article VIII, Section D of the confirmed Chapter 11 Plan, pursuant to which this Court retained exclusive jurisdiction over any suit brought against a "Protected Party." [Doc. 1] at ¶ 17. Article VIII, Section of the confirmed Chapter 11 Plan provides:

> The Bankruptcy Court shall retain exclusive jurisdiction over any suit brought on account of any Claim or Cause of Action against a Protected Party in connection with or arising out of the administration of, or otherwise related to, the Subchapter V Cases; the negotiation and pursuit of this Plan and all related agreements, instruments, and other documents; the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; or the transaction in furtherance of any of the foregoing, and any Entity bringing such suit shall do so in the Bankruptcy Court or such other court as the Bankruptcy Court may direct. . . . .[2]

27.     Notwithstanding the Chapter 11 Plan, the Bankruptcy Court only has subject matter jurisdiction over those proceedings "arising under tile 11, or arising in or related to cases under title 11." 11 U.S.C. § 1134(b).[3] Plaintiffs fail to allege this Court has jurisdiction to hear this

---

[2] Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Third Amended Subchapter V Joint Plan of Liquidation (Dkt. 206), In re PM Management - Killeen I NC LLC, Bankr. No. 24-30240 (Bankr. N.D. Tex. Apr. 29, 2024) (jointly administered) (Debtors Third Amended Subchapter V Joint Plan of Liquidation, pg. 31).

[3] Technically, 28 U.S.C. § 1334(b) grants original jurisdiction to the District Courts while such matters may be provided to the Bankruptcy Courts pursuant to 28 U.S.C. § 157(a). Even so, the analysis for subject matter jurisdiction pursuant to section 1334(b) remains the same.

13

proceeding pursuant to section 1334(b) as any of arising under, arising in, or related to the Bankruptcy Code. As this Court succinctly explained:

> A proceeding arises under the Bankruptcy Code if a plaintiff asserts a right created by the Bankruptcy Code. A proceeding arises in a bankruptcy case if the plaintiff asserts a claim that could not exist outside bankruptcy. An action is related to a bankruptcy case if the outcome could conceivably affect the bankruptcy estate.

*In re With Purpose, Inc.*, 654 B.R. 715, 726 (Bankr. N.D. Tex. 2023) (internal citations omitted). This proceeding meets none of these jurisdictional criteria.

28.     *First*, there is clearly no cause of action in this proceeding that arises out the Bankruptcy Code. The causes of action set forth by the Plaintiffs all arise out of state law.

29.     *Second,* there is no cause of action that arises in the bankruptcy cases. Nothing in the Complaint alleges that these causes of action could not exist but-for bankruptcy as the disputes, again, are all asserted under state law, e.g., Plaintiffs' alleged ability to "acquire the real estate of the Finch Facilities." [Doc. 1] at ¶ 142. Such a dispute would survive notwithstanding the existence of the bankruptcy cases.

30.     *Third*, there is no cause of action that is related to the bankruptcy cases. According to their prayer for relief, Plaintiffs seek: "judgment on their claims against the Defendants in an amount to be determined at trial; pre- and post-judgment interest; costs of suit, including reasonable and necessary attorneys' fees; and such other and further relief as the Court deems just and proper." [Doc. 1] at p. 39. None of this relief affects the bankruptcy estates or benefits the Debtors. *See Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) ("Moreover, '[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and … in any way impacts upon the handling and administration of the bankruptcy estate.'" (quoting *Matter of Walker*, 51 F.3d 562, 569 (5th Cir.

14

1995)). Accordingly, this proceeding should be dismissed against Boydston for lack of subject matter jurisdiction.

31.     Even if this Court could stretch to find subject matter jurisdiction through the Chapter 11 Plan, the Plan defines a "Protected Party" as "collectively, and in each case in their capacities as such during the Subchapter V Cases: (a) the Debtors; (b) the Debtors' Professional: Gutnicki; (c) the individual members of the Debtors' management, including the CRO; (d) the Independent Manager; and (e) Touchstone."[4] This definition does not include Boydston as an individual attorney. Furthermore, the confirmed Chapter 11 Plan defines "Gutnicki" to mean "Gutnicki LLP." This definition does not include Boydston.[5] As stated in Plaintiffs' Complaint, Boydston left the Gutnicki firm in December 2025 and is no longer a partner/attorney with the firm. [Doc. 1] at ¶ 137. Further, as discussed above, Plaintiffs' claims do not arise out of the administration of or otherwise relate to the bankruptcy cases handled for Debtors, as defined in the case law, and Plaintiffs are not complaining about any aspect of the Plan. Accordingly, this Court does not have jurisdiction over the claims against Boydston based on the Protected Party language in the confirmed Chapter 11 Plan, as alleged by Plaintiffs.

### IV.     STATEMENT PURSUANT TO BANKRUPTCY RULE 7012

32.     Pursuant to Federal Rule of Bankruptcy Procedure 7012, Boydston respectfully does not consent to the entry of final orders or judgment by the Court in this proceeding if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[4] Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Third Amended Subchapter V Joint Plan of Liquidation (Dkt. 206), In re PM Management - Killeen I NC LLC, Bankr. No. 24-30240 (Bankr. N.D. Tex. Apr. 29, 2024) (jointly administered) (Debtors Third Amended Subchapter V Joint Plan of Liquidation, pg. 12).
[5] Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Third Amended Subchapter V Joint Plan of Liquidation (Dkt. 206), In re PM Management - Killeen I NC LLC, Bankr. No. 24-30240 (Bankr. N.D. Tex. Apr. 29, 2024) (jointly administered) (Debtors Third Amended Subchapter V Joint Plan of Liquidation, pg. 10).

## V.      **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Elizabeth Nicolle Boydston requests that the Court grant her Motion to Dismiss, dismiss Plaintiffs' claims asserted against her with prejudice, and grant Defendant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

By: */s/   Lindsey K. Wyrick*

**LINDSEY K. WYRICK**
Texas Bar. No. 24063957
lwyrick@cobbmartinez.com
**PAIGE E. HEITKAMP**
Texas Bar No. 24137317
pheitkamp@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Phone:   214.220.5221
Facsimile:   214.220.5299

**ATTORNEYS FOR DEFENDANT
ELIZABETH NICOLLE BOYDSTON**

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on March 20, 2026, a true and correct copy of the foregoing document was filed with the Court and served via the Court's CM/ECF system upon all of the parties registered to receive such notice.

*/s/ Lindsey K. Wyrick*
**LINDSEY K. WYRICK**

16